STATE EX REL. PIGG *v.* HAMILTON CIRCUIT COURT.

[No. 1067S117. Filed March 12, 1968.]

*John W. Lawson,* of Indianapolis, for relator.

*Edward F. New, Jr., pro se.*

LEWIS, C. J.—This matter arose on a petition for a writ of prohibition by the relator setting forth the following:

1—That the respondent be prohibited and restrained from holding a hearing scheduled Friday, November 3, 1967, to show cause why the relator should not be punished for civil contempt;

2—That the respondent was and is without jurisdiction of the person of the relator and was without jurisdiction to issue the rule to show cause for civil contempt.

Thereafter, on the 31st of October, 1967, this court granted a temporary writ of prohibition which was served upon the respondent by the sheriff of Hamilton County, Indiana. The respondent was given until the 29th of November, 1967, in which to file a return to this writ showing compliance with the same or state cause for failure so to do. No return has been filed.

There has been, however, information supplied by the attorney for the relator John W. Lawson, Esq., which indicates that the respondent did comply with the alternative writ issued.

Thus, in fact, this question is moot and the petition for a writ of prohibition is dismissed.

Jackson, J., dissents with opinion.

### DISSENTING OPINION

JACKSON, J.—I am in disagreement with the determination made herein for the reason that on October 31, 1967, this Court issued a Writ of Prohibition in the alternative. Respondent was given until November 29, 1967, to file a return thereto showing compliance with the same or stating cause for his failure to comply. No return has been filed.

Failure of respondent to comply with the order of this Court in making return to the aforesaid Writ is sufficient ground for making the same permanent.

The fact that there was information supplied for the record by the attorney for the relator does not relieve the respondent from compliance with the alternative writ heretofore issued by this Court. Compliance with the writ constituted only a portion of the action required by the terms hereof, and the respondent Court should have filed its response. Failure so to do in my opinion constitutes a direct contempt of

this Court. It seems unthinkable to me that this Court should rely on hearsay evidence as a factor to determine whether or not its order had been complied with.

The writ heretofore issued should be made permanent at the cost of the respondent and the respondent should be directed to show cause why he should not be punished for contempt.

NOTE.—Reported in 234 N. E. 2d 649.